IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOWNING STORAGE, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>WADENA INSURANCE COMPANY and IMT INSURANCE COMPANY,<br><br>           Defendants. | Case No. 8:22-cv-206<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, Downing Storage, LLC ("Plaintiff"), by and through undersigned counsel, and for its claims for damages against Defendants, Wadena Insurance Company and IMT Insurance Company (hereinafter "Defendants"), states and alleges as follows:

### INTRODUCTION AND NATURE OF THIS ACTION

1. This action involves a dispute arising under a policy of property insurance issued by Defendants to Plaintiff related to property losses resulting from a covered weather-related event, namely a hailstorm and/or windstorm which occurred on or about June 13, 2017. This action seeks appropriate remedies and relief with respect to Policy number WOX0213 which was in full force and effect at all times material hereto. The covered loss includes, but is not limited to, property damage for the property located at 2951 North Diers Avenue, Grand Island, Nebraska 68803. The subject claim giving rise to this lawsuit was properly filed and is identified by Defendants as claim no. 2021E3589.

### PARTIES

2. Plaintiff is a limited liability company organized and existing pursuant to the laws of the State of Nebraska with its principal place of business located at 3202 20th Avenue, Kearney, Nebraska 68845 and that Plaintiff is comprised of the following members:

1

  a. Lorin R. Downing, who resides in Kearney, Nebraska; and

  b. Kay J. Downing, who resides in Kearney, Nebraska.

3. Defendant, Wadena Insurance Company, is an Iowa insurance corporation and a part of Defendant, IMT Insurance Group, located at 7825 Mills Civic Parkway, West Des Moines, Iowa 50266 and may be served through its registered agent for service of process, Sean Kennedy, at 7825 Mills Civic Parkway, West, Des Moines, Iowa 50266-5999.

4. Defendant, IMT Insurance Company, is an Iowa insurance corporation located at 7825 Mills Civic Parkway West, Des Moines, Iowa 50266 and may be served through its registered agent for service of process, Sean Kennedy, at 7825 Mills Civic Parkway, West, Des Moines, Iowa 50266-5999.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. An actual justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether Defendants breached their duties to Plaintiff in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events and/or omissions giving rise to this claim occurred in this judicial district at the property located at 2951 North Diers Avenue, Grand Island, Nebraska 68803 (the "Property").

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Plaintiff and Defendants were parties to an insurance contract whereby Defendants agreed to insure the Property against property damage and business interruption.

9. Defendants issued to Plaintiff, in exchange for valuable consideration, property insurance policy number WOX0213 (the "Policy"), effective February 8, 2017 through February 8, 2018, whereby Defendants agreed to pay for direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy, a true and correct copy of which is attached hereto as Exhibit A.

10. Defendants, by and through their agents and representatives, had knowledge of the condition of the Property, Defendants decided to continue to insure the Property and with such knowledge, accepted Plaintiff's annual premium payments in exchange for insuring the Property against loss resulting from windstorm, hailstorm and other perils.

11. This suit arises from Defendants' wrongful acts in the handling of Plaintiff's claim under the Policy for damages caused by covered weather-related event, namely a wind and/or hailstorm which occurred on or about June 13, 2017 (the "Covered Loss").

12. Following the Covered Loss, Plaintiff promptly and properly made a claim (the "Claim") to Defendants for insurance benefits under the Policy and has fulfilled all other post-loss duties required of Plaintiff under the Policy.

13. On January 25, 2021 and after being unable to resolve the claim with Defendants, Plaintiff retained the services of Premier Claims to assist with the claims handling process, who performed an inspection of the Property and provided an estimate on March 10, 2021 totaling $326,814.62.

14. Premier Claims contacted Defendants via email on January 29, 2021 inquiring whether an independent adjuster had been assigned to the Claim and also for a certified copy of the Policy.

15. Defendants issued correspondence dated April 9, 2021 stating that an initial investigation had been conducted on April 2, 2021 to inspect the Property, but that based on such investigation, Defendants concluded that the damages were cosmetic in nature and were therefore not covered under the Policy.

16. On May 18, 2021, Premier Claims followed up with Defendants, requesting further information on Defendants' coverage position and by email on July 27, 2021, requested a copy of Defendants' engineering report and in response, Defendants advised Premier Claims that Plaintiff would not be provided with a copy of the engineering report, stating that the report belonged to Defendant, IMT Insurance Company.

17. On September 24, 2021, Defendants informed Plaintiff that an independent adjuster had been hired to review photos of the Property and again stated that the damage to the Property was cosmetic in nature and was therefore not covered under the Policy.

18. On October 8, 2021, Premier Claims again contacted Defendants requesting that Defendants provide a reasonable basis for Defendants' denial, including documentation supporting Defendants' reasoning.

19. Defendants issued correspondence on October 27, 2021 and November 30, 2021 informing Plaintiff that the Claim had been assigned to a metallurgist, James Lane with Rimkus, who would assess the hail damage to the Property and that Defendants were awaiting the report from Rimkus related to same.

20. On December 3, 2021, Premier Claims sent an email to Defendants requesting the outstanding reports from Defendants' engineer and metallurgist related to the claim and in response, Defendants stated that the report from Rimkus was still pending.

21. Premier Claims issued a follow-up email to Defendants on December 13, 2021 and Defendants responded that the reports would be available in the next few weeks.

22. On or around February 24, 2022, Defendants, their representatives and James Lane agreed to an on-site inspection with all interested parties which was scheduled to occur on March 15, 2022.

23. On April 19, 2022, Defendants provided a status update stating that their position on the matter remained unchanged.

24. Premier Claims, on behalf of Plaintiff, reached out to Defendants on multiple occasions requesting a certified copy of the Policy, but Defendants failed and/or refused to provide the certified copy of the Policy.

25. Plaintiff has fulfilled all of its obligations under the Policy and is entitled to relief for the Covered Loss and to date, there continues to be a dispute between Plaintiff and Defendants as to the applicable coverage for the Property and the cost to fully repair and/or replace same.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

26. For its first cause of action against Defendants, Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 25 above as if fully stated herein.

27. Plaintiff and Defendants entered into the Policy, a valid and enforceable written insurance contract, pursuant to the laws of the State of Nebraska, which outlined obligations to be performed by both Plaintiff and Defendants, including but not limited to, Plaintiff's payment of

policy premiums for insurance coverage and Defendants provision of insurance coverage for claims in the event of covered damage.

28. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon discovery, as required by the Policy.

29. Defendants materially breached the Policy by failing to provide adequate coverage following the Claim filed by Plaintiff and despite timely filing the Claim which notified Defendants of the Covered loss, Plaintiff has yet to receive full compensation for its covered damages as required by the Policy.

30. Pursuant to the Policy, Defendants have a contractual obligation to pay the full amount of the Covered Loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

31. Defendants have breached the Policy by failing to pay Plaintiff all benefits due and owing under the Policy and that there remain amounts due and owing to Plaintiff.

32. Plaintiff's damages include, without limitation, actual damages, interest and consequential damages, including without limitation, attorneys' fees, costs, resulting damages from required remediation and other foreseeable costs and expenses as a result of Defendants' breach of contract.

**SECOND CAUSE OF ACTION**
**BREACH OF THE COMMON LAW DUTY**
**OF GOOD FAITH AND FAIR DEALING**

33. For its second cause of action against Defendants, Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 32 above as if fully stated herein.

34. There is an implied covenant of good faith and fair dealing in the insurance contract between Defendants and Plaintiff.

35. Defendants had no reasonable basis for denying the benefits of the insurance Policy and Defendants knew of, or recklessly disregarded, the lack of a reasonable basis.

36. Defendants' reckless indifference to the facts or to the law can be inferred and imputed from its actions, specifically Defendants unreasonably ignored Plaintiff's arguments and facts favoring Plaintiff's claim for the damage to the Property and Defendants issued the first denial without having an engineer examine the Property to determine whether in fact the damage was cosmetic in nature.

37. Defendants have, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of the Claim.

38. Defendants' refusal to properly indemnify Plaintiff for the Covered Loss and damages to the Property in a timely manner is a violation of Nebraska common law and Neb.Rev.Stat. § 44-1540.

39. Defendants know or have reason to know that there is no reasonable basis for denying payment of Plaintiff's Covered Loss under the Policy.

40. Defendants' reckless indifference to the facts, evidence, and the proof submitted by Plaintiff amounts to a breach of Defendants' fiduciary responsibility for good faith and fair dealing with Plaintiff, the insured.

41. As a direct and proximate result of Defendants' bad faith and/or its unfair property and casualty settlement practices, Plaintiff has suffered compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, public adjuster fees, costs, and expenses.

## WAIVER AND ESTOPPEL

42. Defendants have waived and are estopped from asserting any defenses, conditions, exclusions or exceptions to coverage not contained in any Reservation of Rights or denial letters properly sent by Defendants to Plaintiff.

## JURY DEMAND

43. Plaintiff demands a jury trial and has tendered the appropriate fee with Plaintiff's Original Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendants, for such damages to be determined at trial, interests, litigation costs, consequential damages, attorneys' fees and any other further relief the Court or jury deems fair and reasonable.

DATED this 10th day of June, 2022.

DOWNING STORAGE, LLC, Plaintiff

Benjamin Barmore
Zerbe, Miller, Fingeret, Frank & Jadav, LLP
3009 Post Oak Boulevard, Suite 1700
Houston, Texas 77056
(713) 513-1605
bbarmore@zmflaw.com

and

By: _____
Justin D. Eichmann - #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 933-1099 Fax
jeichmann@houghtonbradford.com

*Attorneys for Plaintiff*